FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  -vs-<br><br>DONALD ARTHUR LYNCH,<br><br>                Defendant. | No.   2:13-CR-0008-WFN-25<br><br>ORDER DENYING MOTION FOR REDUCED SENTENCE |

      Pending before the Court is Defendant's Motion for Compassionate Release. ECF No. 4568. Defendant submitted a request for compassionate release according to the Bureau of Prisons' [BOP] procedures but did not receive a response within 30 days. Consequently, he has exhausted his claim with the BOP.

      Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A). As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction.

      Defendant has not demonstrated extraordinary or compelling reasons warranting a sentence reduction. Defendant posits four primary rationales to support extraordinary and compelling reasons for release (1) FCI Big Springs has experienced a terribly managed onslaught of COVID-19 cases; (2) risk of serious illness and death from COVID-19 disproportionately affects people of color; (3) medical conditions including epilepsy and COVID-19 like symptoms; and (4) family circumstances.

      The COVID-19 pandemic alone is insufficient grounds for sentencing reduction. Though the conditions Defendant describes at FCI Big Springs are deplorable, they are,

ORDER - 1

unfortunately, not extraordinary. Further, disproportionate impact based on race cannot alone support a reduced sentence because being a person of color is not uncommon. Defendant provided documentation of epilepsy, but the CDC does not recognize epilepsy as an underlying medical condition that increases the risk of serious illness from COVID-19. He indicates that he has no pre-existing conditions that would put him at increased risk of serious illness or death from COVID-19. He did express concern that he had experienced a cluster of symptoms that are consistent with COVID-19 in October. Experiencing COVID-19-like symptoms does not increase the risk of contracting COVID-19. It may mean that he has already had COVID-19, but due to the dearth of testing. the case remains unconfirmed. Lastly, Defendant indicates that his family circumstances warrant a reduction because he has a son who misses him, a college-aged daughter who needs her father for emotional and financial support, as well as a mother who is willing to provide housing and healthcare assistance. While the Court is sympathetic to the harmful effects incarceration has on family members, the Defendant's family circumstances have not changed since the time of sentencing and therefore do not warrant a sentencing reduction.

      The Court agrees that Defendant's criminal history is limited and old. Defendant's underlying conviction was serious, but did not involve firearms or violence. He likely does not pose a risk to the community. However, because Defendant has not demonstrated extraordinary or compelling reasons supporting his release his motion must be denied. The Court has reviewed the file and the briefing and is fully informed. Accordingly,

      **IT IS ORDERED** that Defendant's Motion to Reduce Sentence, filed October 27, 2020, **ECF No. 4568**, is **DENIED**.

      The District Court Executive is directed to file this Order and provide copies to counsel.

      **DATED** this 9th day of December, 2020.

                            WM. FREMMING NIELSEN
                             SENIOR UNITED STATES DISTRICT JUDGE

12-08-20

ORDER - 2